**GEDEON, Admr v EAST OHIO GAS CO**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13109.  Decided Nov 6, 1933

Quigley & Byrnes, Cleveland, for plaintiff in error.

Tolles, Hoggsett & Ginn, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The question before us is whether the allegations of the petition and the opening statement of plaintiff's counsel disclose that any negligence which might be attributed to the defendant's employee in walking across the street was the proximate cause of the collision between the car driven by Forencz and the truck of plaintiff's decedent.

It is not claimed in the petition or the opening statement of counsel that the act of defendant's employee in walking across the street was in violation of any law or ordinance. Reliance is had upon common law rule which imposes a duty to exercise ordinary care upon all persons using the highway. It is undoubtedly true that the defendant's employee was under a duty to exercise ordinary care for his own protection while in the act of crossing the street.

It is noteworthy that there is a dearth of authority involving the question of holding a pedestrian, who was careless while in the act of crossing a street or highway, culpable for injuries caused to another person because of such alleged negligence. Many cases will be found which hold that if a person, while crossing the street or highway, fails to exercise ordinary care for his own protection and was injured by an on-coming vehicle, that the negligent conduct of the plaintiff while crossing the street or highway will defeat recovery on his part if it be found that his act or omission proximately contributed to the cause of the injury.

If the plaintiff is guilty of a breach of duty in failing to exercise care for his own protection while crossing a street or highway, and his conduct proximately contributed to the cause of the injury he cannot recover for injuries sustained from a collision with an on-coming vehicle.

Whether or not his mere failure to look for the oncoming vehicle while crossing a street or highway will make him legally culpable and give rise to a cause of action against him for injuries to a person driving a vehicle which comes into collision with him, we are not prepared to say. He is undoubtedly guilty of a breach of duty to himself by failing to take necessary precautions for his own safety.

Culpable negligence arises from a breach of duty by failing to take precautions for the protection of others if reasonably prudent persons would under the same or similar circumstances take such precautions.

The impulse of self-preservation dictates to persons of ordinary prudence the taking of such precautions for their own protection as in the common experience of men it was found that injury and sometimes death may result from the failure to take them.

The instances of injury to third persons caused by the mere failure of a pedestrian to look for on-coming vehicles are of such rare occurrence that it is doubtful whether it can be said that persons of ordinary prudence would exercise care in order to avoid injury to others. There can be no legal breach of duty to other persons if it be conceded that persons of ordinary prudence would not under the same or similar circumstances deem it necessary to exercise care for the protection of others from injury.

Since the measure of ordinary care which the common law rule imposes upon all persons is guaged by the standard of care which persons of ordinary prudence exercise under the same or similar circumstances, the common experience of men must, of course, be considered; not only in determining whether persons of ordinary care exercise precaution under the same or similar circumstances for the purpose of avoiding injury to themselves, but also whether under similar circumstances persons of ordinary prudence take any precaution for the purpose of avoiding injury to others. As a general rule there is no breach of a common law duty unless persons of ordinary prudence deem it necessary to take precautions.

It may well be questioned, in view of the infrequency of injury to others arising from the mere fact that a pedestrian while crossing a street fails to look for on-coming vehicles, whether his failure in that respect amounts to a breach of duty not merely to himself but to others as well. If we were to hold that there is no breach of common law duty to other persons on the part of defendant's employee, our inquiry would cease as there can be no actionable

negligence without a breach of duty.

We do not deem it necessary to decide this question as to the duty of a pedestrian to other persons and will therefore assume that his failure to look while crossing the street may, under some circumstances, amount to a breach of duty to other persons.

We are faced with two questions. (1), Does the record present a situation which justifies the court in determining the question of proximate cause as a question of law instead of leaving it to the jury to decide? (2), Was the negligence of defendant's employee the proximate cause of the injury to plaintiff's decedent?

The answer to the first question is found in the case of **Lake Shore & Michigan Railroad v Liidtke, 69 Oh St 384**, second syllabus:

"What was the proximate cause of an injury is usually a mixed question of law and fact; but where the controlling facts are conceded or found, it is a question of law for the court."

**Gas Company v Archdeacon, 80 Oh St 27**, op. page 38.

**Hrovath v Cleveland Railway Co., 125 Oh St 67.**

**Drake v City of East Cleveland, 101 Oh St 111-120.**

Since for the purpose of this case the facts contained in the plaintiff's petition supplemented by argument of plaintiff's counsel, must be taken as true, we are of the opinion that the court was within its power to decide the question.

The answer to question No. 2, involves a discussion as to the meaning of the phrase "proximate cause" and the application of the principle that there can be no recovery unless the negligence of the defendant proximately caused the injury.

In **Miller v Railroad, 78 Oh St 309**, syllabi 1 and 2, are as follows:

"1. In an action to recover damages for injuries sustained through the negligence of another, the law regards only the direct and proximate results of the negligent act, as creating a liability against the wrongdoer.

2. In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence, is not actionable."

In the opinion on page 325 the court said: "The rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act."

The question of proximate cause is one frequently so near the border line as to cause much perplexity, but, generally speaking, it may be said in this state that the proximate is the **producing** cause; not the one supplying the condition but the one **producing** the injury. The one supplying the condition may be so intrinsically careless as to amount practically to a continuing invitation, so to speak, for a direct cause to join in producing a disastrous result. But a condition which could not reasonably be expected to endanger and which but for some independent cause, would not have endangered, does not ordinarily amount to a proximate cause.

In *Curran v Railroad Co., 124 NE (Ill.), 335*, it is held:

"Where negligence does nothing more than furnish a condition making injury possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent, and the existence of the condition is not the proximate cause of the injury."

In the case at bar it cannot be denied that the producing cause was the act of the driver, Ferencz, who, in the language of the petition, "turned his said automobile directly into the path of the truck operated by the plaintiff's decedent." The act of the defendant's employee in walking across the street was in our opinion merely one supplying a condition but not the one producing the injury.

We have already alluded to the common experience which shows that the failure on the part of a pedestrian to look when crossing a street or highway, for on-coming vehicles, is usually productive of injury to such pedestrian only; that it is of rare occurrence that his mere failure to so look would produce injury to others and to hold that the act of defendant's employee in walking across the street without looking

for on-coming vehicles, is negligence which proximately caused the injury to plaintiff's decedent, would be to place an unreasonable burden to foresee or anticipate as a probable result of his alleged act of negligence which could not have been foreseen or reasonably anticipated by persons of ordinary prudence.

We are of the opinion that the trial judge was right in concluding that upon the admitted facts the alleged negligence of the defendant's employee cannot be regarded in law as the proximate cause of the injury to plaintiff's decedent.

The liability of the defendant must, of course, depend upon the legal culpability of its employee and in view of our finding that there could be no recovery if suit were instituted against the employee, it follows that the employer cannot be held liable. The judgment of the Common Pleas Court is affirmed.

McGILL, J. concurs.
LIEGHLEY, PJ, dissents.

## DISSENTING OPINION

### By LIEGHLEY, PJ.

I am unable to concur in the judgment of affirmance entered by my associates.

Plaintiff brought an action as administrator of the estate of George Gedeon, deceased, against the defendant for damages for personal injuries to George Gedeon during his lifetime resulting from an alleged accident on May 21, 1928, about noon, near the intersection of West 56th Street and Denison Avenue, which avenue runs in a general easterly and westerly direction. The trial court directed a verdict for defendant upon the petition and opening statement of counsel. The petition was read and adopted as part of the opening statement.

It should be remembered at all times that material facts in the petition and the recitation of material facts in the opening statement are true for the purpose of this inquiry.

George Gedeon, now deceased, was operating an automobile in an easterly direction on the southerly side of Denison Avenue without fault on his part when he received severe injuries to himself and much damage to his automobile. One Ferencz was operating an automobile in a westerly direction on the northerly side of Denison Avenue at the same time. One Tesnow parked an automobile at the north curb on Denison Avenue just prior to the arrival of Ferencz to the scene of the accident. Tesnow was a meter reader in the employ of the defendant and was then and there engaged in the business of his employer within the scope of his employment. Tesnow stepped out of his automobile to the left, intending to cross the avenue to read a meter on the opposite side, without warning or looking, into the path of the oncoming automobile operated by Ferencz at such a time that it was impossible for Ferencz to stop his car in the exercise of ordinary care without hitting Tesnow. In order to avoid striking Tesnow, Ferencz veered his automobile to the left, the automobile of Tesnow being to the right, and struck the automobile of Gedeon traveling in an easterly direction, inflicting the injuries and damage complained of.

All three individuals contributed by their presence and activity in creating the static condition then and there present at the time of the accident. If either one had been absent, the injuries would not have been inflicted.

From these facts and from this situation many questions of fact arise. Was this an unavoidable accident? The answer to this question is for the jury. If the answer to this question be "no", then someone was negligent, which resulted in the injuries to the deceased for which plaintiff is entitled to recover. Either Tesnow, or Ferencz, or both of them were guilty of negligence. The negligence of one, or the other, or both was the proximate cause of said injuries. Was Tesnow negligent in stepping into the roadway in the path of the oncoming car of Ferencz without looking or without giving warning? If so, was his negligence alone the proximate cause of the injury? Was Ferencz without fault in veering his car to the left and striking the car driven by Gedeon? Did he use ordinary care in so doing under the circumstances then and there existing? Was his failure to use ordinary care by reason of excessive speed, or no lookout ahead, or otherwise, the proximate cause of the injury? Were both of them concurrently negligent, and the negligence of both proximately result in the injuries to Gedeon?

The directed verdict must be grounded upon the assumption that the court found that Tesnow was not guilty of negligence that proximately caused this accident. This conclusion compels the deduction that Ferencz was guilty of negligence which proximately caused this accident or that the same was the result of an unavoidable occurrence. The plaintiff asserts that the de-

fendant by the acts of omission and commission of Tesnow is responsible. The trial court said, in effect, that Ferencz is responsible, if any one. Obviously, reasonably prudent men may differ on this issue. Only a jury is empowered to solve this issue by its verdict.

The answers to the foregoing questions and other pertinent questions that might be propounded are facts for a jury to determine. We believe it to be the law that in a case where there may be two proximate causes of an accident, it is improper for a court to withdraw one of them and say that the other was the proximate cause of the accident, keeping in mind that it is a conceded fact, for the purpose of this case, that Gedeon was without fault in the operation of his car.

It may be urged that Tesnow as a pedestrian owed no duty but to exercise ordinary care for his own safety. More sensibly it may be urged that while engaged in his master's business and in the performance thereof it was his duty to so deport himself in doing it as not to be the primary cause of injury or death to another. By his acts as a pedestrian he confronted Ferencz with an emergency. If he had suddenly steered his car into the path of the oncoming automobile of Ferencz under the same circumstances without looking or warning, none would say the appraisal of his conduct was not a jury question. If his acts as a pedestrian projected the same emergency while engaged in the business of his master and in furtherance thereof, the distinction is difficult to make.

If his conduct were then and there impelled by a desire to commit suicide, or to play some foolish prank or to hail a friend, or for some other personal reason when he stepped out of his car, another case would be presented in which the defendant might assert a complete defense. The conceded facts in the case at bar are wholly different as Tesnow was then and there acting within the scope of his employment and in furtherance thereof.

Reliance is had upon authorities cited in an opinion heretofore written by the writer in the case of Keifer v The Cleveland Railway Company, 8 Oh Ap, 272.

It is my decided opinion that this case presents a situation that is peculiarly one for the jury, and the direction of a verdict for the defendant was erroneous.

For the foregoing reasons I dissent from the judgment of affirmance.